Lemuel Hall  
vs.          } No. 75688.  
Leo J. Kelly

JUNE 16, 1931.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $20,000.

In this case a motion for new trial based on the usual grounds was duly filed by defendant. At the hearing on the motion no ground was pressed except that of excessive damages.

This case was tried by agreement of counsel with that of *Hall* vs. *Walsh*, No. 75,689.

The plaintiff was crossing Broadway in the City of Providence about 8:30 o'clock P. M., on February 6, 1928, when he was struck by an automobile owned by Edwin L. Walsh and driven by Leo J. Kelly. He sustained a laceration of the scalp, a fracture of both the tibia and fibula of the left leg, and before he left the hospital he developed lobar pneumonia and a phlebitis of the left leg. He left the hospital on April 6th but was readmitted on May 21st. Later there was an open reduction of the fracture of the tibia and Mr. Hall was afterwards discharged on June 23rd.

The hospital treatments resulted in giving a useful leg to the patient with some shortening. The leg continued to swell more or less with use and at the time of trial the plaintiff was experiencing considerable pain and difficulty in walking more than a very short distance.

The plaintiff was and is a tire salesman and was earning at the time of the accident $35 per week and commissions which sometimes amounted to $20 a week more. Mr. Hall returned to work after having been away from business for a total of thirty-one weeks.

The liability of the defendant was amply proved and, indeed,. is not contested on this motion.

There was a marked paucity of medical testimony in the case, particularly upon the question of future disability and limitation of movement due to the condition of the left leg. The jury may well have overlooked this absence of testimony and probably did assume that the condition of plaintiff's leg would continue indefinitely, whereas there is no testimony to that effect.

Mr. Hall at the time of the accident was 44 years of age. To what extent, if any, the body will adjust itself to the shortening of the leg does not ap-

pear. Mr. Hall's expenses and losses to the time of trial amounted to upwards of $2,000. The Court thinks the jury was influenced by the painful character of the injury and the almost wanton character of the accident to give a larger sum in damages than can be justified by the medical evidence produced.

The Court therefore grants the defendant's motion for a new trial on damages only unless within five days the plaintiff file his remittitur, remitting all of the verdict in excess of $12,-000. If such remittitur be filed, a new trial is denied, otherwise the motion for a new trial is granted on damages only.

For plaintiff: Arthur J. Levy.

For defendant: Cooney & Kiernan.